T.C. Summary Opinion 2007-13


UNITED STATES TAX COURT


WILLIAM H. JORDAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22562-04S.                    Filed January 22, 2007.


William H. Jordan, pro se.

<u>Robert W. Dillard</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard

pursuant to section 7463 in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, section references hereafter
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.  Sec. 7491 in some instances shifts the burden of
proof to the Commissioner.  Petitioner has neither alleged nor
established that he has satisfied the requirements of that
section.  To the extent that respondent may have had the burden
of proof in this case, the Court is satisfied that respondent met
that burden.

The decision to be entered is not reviewable by any other Court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,359 in petitioner's Federal income tax for the year 2003.

After a concession by petitioner, noted hereafter, the issues for decision are whether, for the year 2003, petitioner is entitled to (1) a dependency exemption deduction for his son under section 151(c); (2) head-of-household filing status under section 2(b)(1); and (3) the earned income credit under section 32(a).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Dunedin, Florida.

On his Federal income tax return for 2003, petitioner reported wage income of $16,756. Petitioner was employed part time on the golf course of a country club as an irrigation technician. He had no other employment during 2003 and no other income. Petitioner had a son and a daughter who were 22 years old and 19 years old, respectively, in 2003. The two mothers of the children provided no support to them during the year at issue. Petitioner was not married during 2003.

During the year at issue, the son earned $13,357, and the daughter earned $20,096. Petitioner filed a Federal income tax

return for the year 2003 as a head-of-household and claimed the son and daughter as dependents. Petitioner also claimed an earned income credit of $3,563.

In the notice of deficiency, respondent disallowed the dependency exemption deductions for the son and daughter, changed petitioner's filing status to single, and disallowed the earned income credit. At trial, petitioner conceded he was not entitled to the dependency exemption deduction for his daughter because her income exceeded his income.

With respect to the claimed dependency exemption deduction for the son, section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent, as defined in section 152, whose gross income for the year is less than the exemption amount. Sec. 151(c)(1)(A). Under section 151(d), the exemption amount is $2,000. Petitioner's son, during the year at issue, earned income of $13,357. Therefore, since petitioner's son earned gross income in excess of the exemption amount under section 151(c)(1)(A), it follows that petitioner is not entitled to a dependency exemption deduction for his son for the year at issue. Respondent, therefore is sustained on this issue.[2]

_____

[2]Sec. 151(c)(1)(B) provides generally that a dependency exemption deduction is allowed for a claimed dependent if the claimed dependent has not attained age 24 at the close of the taxable year and is a student. Even though petitioner's son was enrolled as a student at St. Petersburg College during the year

(continued...)

The second issue is whether petitioner is entitled to head-of-household filing status under section 2(b). Section 2(b) defines a head-of-household as an individual taxpayer who (1) is not married at the close of his taxable year, and (2) maintains as his home a household which constitutes "for more than one-half of such taxable year" the principal place of abode of an unmarried son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). An individual maintains a household if he furnishes over half the cost of maintaining the household. Sec. 2(b)(1). Petitioner was not married during the year at issue.

The Court is satisfied from the record that petitioner's two children lived with him at least from May 30 through the end of the year 2003. While the two children may have contributed some assistance in the operation of the household, the Court is satisfied from the record that petitioner paid the rent, utilities, and most of the food and other expenses, and whatever the children provided appears to have been incidental. On this record, the Court sustains petitioner on this issue.

---

[2](...continued)
at issue and had not attained age 24 as of December 31 of the year at issue, sec. 151(c)(4) defines "student" as an individual who, during each of 5 calendar months during the calendar year is a "full-time" student at the institution. Petitioner's son's transcript issued by the school he attended shows that he was not a full-time student during the year at issue.

The third issue is petitioner's claim to the earned income credit under section 32(a).

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3). To satisfy the age test, the qualifying child must be an individual who has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins or must be a student (as defined in section 151(c)(4)) who has not attained the age of 24 as of the close of the year. Sec. 32(c)(3)(C). Petitioner's daughter attained age 19 in April 2003. Because the daughter does not satisfy the age test, she was not a qualifying child for purposes of the earned income credit. The son attained the age of 22 during the 2003 tax year and was not a full-time student. Therefore, he likewise is not a qualifying child for purposes of the earned income credit. However, section 32(c)(1)(A)(ii) allows an earned income credit to an "eligible individual" if such individual does not have a qualifying child but satisfies the following conditions:

(1) The individual's principal place of abode was in the United States for more than one-half of the taxable year;

(2) the individual had attained age 25 and not attained age 65 on or before the close of the taxable year; and

(3) the individual was not a dependent for whom a deduction is allowable under section 151 to another taxpayer for the taxable year at issue.

Petitioner is not an eligible individual because his income exceeded the completed phaseout amount prescribed by section 32(b) of $11,230 (with no qualifying children).  See Rev. Proc. 2002-70, sec. 3.06, 2002-2 C.B. 845, 847-848.  Respondent therefore is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.